UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
CIT BANK, N.A., *formerly known as OneWest Bank, N.A.*,

                                Plaintiff,

-against-

LEE DAMBRA, DANIELLE COFFEY, NEW YORK CITY TRANSIT ADJUDICATION BUREAU, NEW YORK ENVIRONMENTAL CONTROL BOARD, NEW YORK CITY PARKING VIOLATIONS BUREAU and JOHN DOE, being fictitious and unknown to Plaintiff, intended to be tenants, occupants, persons, or corporations having or claiming an interest in or lien encumbering the property described in the Complaint or their heirs at law, distributes, executors, administrators, trustees, guardians, assignees, creditors, or successors,

                                Defendant.
---------------------------------------------------------------x

**ORDER ADOPTING REPORT AND RECOMMENDATION**

14-CV-3951 (SLT)(VMS)

**TOWNES, United States District Judge:**

In this mortgage foreclosure action, Plaintiff CIT Bank, N.A. ("Plaintiff"), formerly known as OneWest Bank, N.A., brought suit against Defendants Lee Dambra and Danielle Coffey, owners of a property located at 82 Holly Avenue, Staten Island (the "Property"), for foreclosure on a Note secured by a mortgage on the Property. Plaintiff also named as defendants New York City Transit Adjudication Bureau, New York Environmental Control Board, New York City Parking Violations Bureau, and a John Doe defendant. The action was commenced on June 25, 2014 and executed summonses were returned for all defendants except John Doe. When none of the defendants served an answer or otherwise appeared, Plaintiff requested a Certificate of Default, which was entered by the Clerk on Aug. 18, 2014. Plaintiff's subsequent

Motion for Default Judgment was filed on Dec. 11, 2014, and was referred to Magistrate Judge Vera Scanlon for a Report and Recommendation.

On September 25, 2015, Judge Scanlon issued her Report and Recommendation (the "R&R"), recommending that Plaintiff's motion for default judgment be granted in part and denied in part, and specifically recommending that:

1. Plaintiff's requests for foreclosure and sale of the property, and for appointment of a referee be granted;

2. Judgment be entered against Mr. Dambra in the amount of $459,012.77 plus interest at a rate of $18.10 *per diem* accruing after September 25, 2015, which includes $457,529.64 on the Note plus *per diem* interest for all dates up to and including September 25, 2015; $90.00 for attorneys' fees; and $1,393.13 in costs;

3. Within seven days of the adoption of the R&R, Plaintiff be required to propose three referees by letter to the court, with a brief description of their qualifications and a proposed appointment order, as well as a revised proposed order of foreclosure and sale;

4. Plaintiff's motion as to the Environmental Control Board and Parking Bureau be construed as against the City;

5. Plaintiff's motion as to Ms. Coffey, the Environmental Control Board and the Parking Bureau be granted;

6. Plaintiff's motion as to the Transit Bureau be denied;

7. Plaintiff's claims against defendant John Doe be dismissed;

8. And Plaintiff's failure to comply with Local Civil Rule 7.1 be excused.

(R&R, Sept. 2, 2015, Doc. 31, at 19-20.) The R&R further stated that written objections must be filed within 14 days of service of the R&R, and that "failure to file objections within the specified time waives the right to appeal any order or judgment entered based on" the R&R. (*Id.*, at 21.) The time to file objections has now passed and no objections have been filed.

A district court is not required to review the factual or legal conclusions of a magistrate

judge as to those portions of a report and recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nonetheless, when no objections are filed, many courts seek to satisfy themselves "that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee note (1983 Addition); *see also Edwards v. Town of Huntington*, No. 05 Civ. 339 (NGG) (AKT), 2007 WL 2027913, at *2 (E.D.N.Y. July 11, 2007). Accordingly, this Court has reviewed the R&R for clear error on the face of the record. The Court finds no clear error, and therefore adopts the R&R in its entirety as the opinion of the Court pursuant to 28 U.S.C. § 636(b)(1).

## CONCLUSION

For the reasons stated above, Magistrate Judge Scanlon's Report and Recommendation dated Sept. 25, 2015, is adopted in its entirety. (Doc. 31.) Plaintiff's motion for default judgment (Doc. 18) is granted in part and denied in part, in accordance with the recommendations listed above. The Clerk of the Court is respectfully requested to enter judgment accordingly and close this case.

**SO ORDERED.**

/s/ Sandra L. Townes
SANDRA L. TOWNES
United States District Judge

Dated: November 16, 2015
Brooklyn, New York

3